IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KEITH BERNARD SCRUGGS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 7:05-cv-131 (HL) |
| | : | |
| | : | |
| AMANDA FLUITT; PAULA JOHNS; | : | |
| DISTRICT ATTORNEY'S OFFICE; | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| DWIGHT PEETE, | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | **ORDER TO SHOW CAUSE** |

Plaintiff **KEITH BERNARD SCRUGGS**, a pre-trial detainee at the Lowndes County Jail in Valdosta, Georgia has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated March 28, 2006, the Court granted his application to proceed *in forma pauperis* and ordered plaintiff to pay an initial partial filing fee. Plaintiff has paid the initial partial filing fee as ordered.

Upon initial review of plaintiff's complaint, it appears that he has failed to exhaust the administrative remedies for his claims before filing his lawsuit in this Court as he is required to do under 42 U.S.C. § 1997e(a). 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.§ 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998)(holding that exhaustion required even if prisoner seeks only monetary damages).

Plaintiff states that the Lowndes County Jail does have a grievance procedure, but he has not

presented the many claims contained in his original December 20, 2005 complaint and his May 27, 2006 complaint to the institution as a grievance. The Eleventh Circuit Court of Appeals has explained that an "inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." ***Brown v. Sikes***, 212 F.3d 1205, 1207 (11th Cir. 2000). In other words, plaintiff must file a grievance and receive a ruling on the grievance before filing his 42 U.S.C. § 1983 action.

Accordingly, **WITHIN TEN (10) DAYS** from the date of receipt of this Order, plaintiff shall **SHOW CAUSE** to the Court, if any he has, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. If he fails to respond, his lawsuit will be subject to immediate dismissal.

In the meantime, there shall be **NO SERVICE** of process upon any defendant.

SO ORDERED AND DIRECTED, this 27th day of APRIL, 2006

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb