IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KEITH BERNARD SCRUGGS, | : | |
| Plaintiff | : | |
| VS. | : | NO. 7:05-cv-131 (HL) |
| AMANDA FLUITT; PAULA JOHNS; DISTRICT ATTORNEY'S OFFICE; DWIGHT PEETE, | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** **BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **KEITH BERNARD SCRUGGS**, a pre-trial detainee at Lowndes County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated March 28, 2006, the Court granted his application to proceed *in forma pauperis* and ordered plaintiff to pay a initial partial filing fee. Plaintiff has paid the initial partial filing fee as ordered.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF CLAIMS

A. Allegations regarding the conditions of confinement at Lowndes County Jail

Plaintiff makes various allegations regarding the conditions of confinement at Lowndes County Jail[1]:

(1) Plaintiff states that he "is being denied adequate outdoor recreation";
(2) Plaintiff states that he is being denied "adequate ventilation and plumbing and the water drips constantly";
(3) Plaintiff alleges that there is a "bug infestation" at the jail; and
(4) Plaintiff maintains the "kitchen amounts to a health hazzard."

Plaintiff is a pretrial detainee at the Lowndes County Jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." ***Hamm v. DeKalb County***, 774 F.2d 1567, 1574 (11th Cir.1985). Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. ***See Hudson v. McMillian***, 503 U.S. 1 (1992); ***Hudson v. Palmer***, 468 U.S. 517 (1984). However, the Supreme Court has

---

[1]These allegations are contained in the complaint that plaintiff filed with the Court on December 20, 2005. This complaint was not on the required 42 U.S.C. § 1983 form. Plaintiff was ordered to re-file his complaint using the Court's forms (R. at 7); and he did so on March 27, 2006 (R. at 8). These claims were not in his March 27, 2006 complaint. However, the Court is addressing all of plaintiff's claims–both those in the March 27, 2006 complaint and those in the complaint plaintiff filed on December 20, 2005.

made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable. **Rhodes v. Chapman**, 452 U.S. 337, 349 (1981). To prevail on an Eighth Amendment claim (and a due process clause), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. **Farmer v. Brennan,** 511 U.S. 825, 834 (1994).

With this standard in mind, the Undersigned finds that none of plaintiff's allegations, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution. Moreover, the Court notes that plaintiff has not suffered any type of physical injuries from most of the deprivations he alleges. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." **See also Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997). As plaintiff's allegations are not sufficiently serious enough to implicate the Constitution and as he has sustained no physical injuries, these claims are not actionable under 42 U.S.C. § 1983.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his conditions of confinement be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

B.  Claim regarding the inadequate law library

Plaintiff states that "the law library is inadequate" at the Lowndes County Jail.[2] There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In order to state a cognizable claim of denial of access to the courts, plaintiff must "demonstrate the that alleged [inadequacies] . . . hindered his efforts to pursue a legal claim." *Id*. at 351.  Plaintiff has not shown any injury due to the alleged inadequate law library.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims that the law library at Lowndes County Jail is inadequate be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

C.  Claim involving the Equal Protection Clause

Plaintiff alleges that Paula Johns engages in a "pattern of discrimination [and] Equal Protection violations."  Bald assertions that a defendant is violating the Equal Protection clause, without any facts to back up such assertions, will not support a §1983 claim.  *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (11th Cir.1986) (finding that inmate must establish that he is similarly situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest).

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claim of equal protection violations be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

---

[2]Again, this allegation is contained only in the complaint that plaintiff filed on December 20, 2005.

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

C.  Allegations against Amanda Fluitt and the district attorney's office

In his complaint, plaintiff states that on March 22, 2000, Amanda Fluitt cut him with a knife, bit him, and cut his clothes "in front of a 7 month old baby boy." Plaintiff alleges that he went to the Valdosta Police Department and filed a report against Ms. Fluitt and had charges of aggravated assault, criminal trespass, and cruelty to children brought against Mr. Fluitt. Plaintiff states that a warrant was not issued for Ms. Fluitt's arrest.

Plaintiff alleges that on February 27, 2001 Amanda Fluitt filed a police report against him in which she alleged that he "kicked the front door of her residen[ce] in then kicked in her bedroom door" and physically threw her against a wall. Plaintiff states that after he was arrested for these activities, Ms. Fluitt came forward and admitted she had lied. According to plaintiff, "the district attorney that were (sic) on the case fail (sic) to file charges against Amanda Fluitt."

Plaintiff states that on May 7, 2003 Amanda Fluitt filed yet another false police report against him in which she stated that he "snatched $200 of her money and ran."

In order for "a plaintiff to recover under§ 1983, there must be a showing of state action. Merely private conduct, no matter how wrongful, is not actionable under §1983." ***Green v. Abony Bail Bond***, 316 F. Supp. 2d1254, 1258 (M. D. Fla. 2004) (citing ***Focus on the Family v. Pinellas Suncoast Transit Auth***., 344 F.3d 1263 (11th Cir. 2003). Ms. Fluitt is not a state actor and, therefore, cannot be liable under 42 U.S.C. § 1983.[3]

Additionally, the district attorney's office is not liable under 42 U.S.C. § 1983 simply

---

[3]Moreover, as explained below, this action is barred by the two-year statute of limitations applicable to 42 U.S.C. § 1983 actions.

because they failed to prosecute Ms. Fluitt. First, plaintiff has not named a specific district attorney or assistant district attorney in his complaint. Instead, he names the "district attorney's office." This is a vague term that does not refer to any entity or specific person capable of being sued. The "district attorney's office" is not a legal entity that can be served with a summons and complaint; nor is it subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). However, even if plaintiff had named a specific district attorney, his claim is still frivolous for two reasons.

First, prosecutors are absolutely immune from damages under 42 U.S.C. § 1983 for all acts associated with the judicial phase of the criminal process. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987). The decision to prosecute a person or not falls within a prosecutor's role as an advocate and, therefore, the prosecutor is immune from damages for such decisions.

Second, the acts about which plaintiff complains happened on three dates: March 22, 2000, February 27, 2001, May 7, 2003. Plaintiff did not file this action until December 20, 2005. 42 U.S.C. §1983 claims are governed by the state limitations statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for a personal injury claim is two years. Therefore, plaintiff's claims against the district attorney's office and Amanda Fluitt are time-barred under the applicable statute of limitations.[4]

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims against Amanda Fluitt and the district attorney's office be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

---

[4] Although it is unclear from plaintiff's two complaints, to any extent that he is seeking to hold Paula Johns liable for failing to file charges against Amanda Fluitt for these three incidents, his claims would be barred by the statute of limitations.

**SO RECOMMENDED**, this 5th day of May, 2006.

                              */s/ Richard L. Hodge*
                              RICHARD L. HODGE
                              UNITED STATES MAGISTRATE JUDGE